UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| CARLA BLANK | * | CASE NO. 2:23-CV-02271 |
|    Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE BRANDON S. LONG |
| | * | |
| DG LOUISIANA, LLC D/B/A | * | |
| DOLLAR GENERAL AND | * | MAGISTRATE JANIS VAN |
| XYZ INSURANCE COMPANY | * | MEERVELD |
|    Defendant | * | |
| | * | A JURY IS DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**JOINT PRE-TRIAL ORDER**

**NOW INTO COURT**, through undersigned counsel, come Plaintiff, Carla Blank, and Defendant, DG Louisiana, LLC, who in accordance with this Court's Scheduling Order, respectfully submit the following Joint Pre-Trial Order:

1. **PRE-TRIAL CONFERENCE**

This matter is set for a final Pre-Trial Conference on **May 14, 2024, at 1:30 p.m.**

2. **APPEARANCE OF COUNSEL**

**Counsel for Plaintiff, Carla Blank:**

PIUS A. OBIOHA (#25810)
**LAW OFFICES OF PIUS A. OBIOHA & ASSOCIATES, LLC**
1550 North Broad Street
New Orleans, LA 70119
Telephone:   (504) 265-0437
Facsimile:   (504) 265-0440
Email: pius@obiohalaw.com
Email: joseph@obiohalaw.com

**Counsel for Defendant, DG Louisiana, LLC:**

TREVOR C. DAVIES (#32846)
MICHAEL L. BALLERO (#36793)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 324-6493
Email: tdavies@wkdlawfirm.com
Email: mballero@wkdlawfirm.com

### 3.   DESCRIPTION OF THE PARTIES

**Plaintiff:**

Carla Blank is the plaintiff in this matter. Ms. Blank is the individual who slipped and fell in front of the Dollar General store located at 3958 Westbank Expressway Harvey, LA 70058, on February 7, 2022. The front lot is owned by Dollar General, and Dollar General is totally responsible for the maintenance and upkeep of the entire premises for the safety of the patrons and invitees. The oily concrete pavement as not readily conspicuous.

**Defendant:**

DG Louisiana, LLC is the defendant in this matter. DG Louisiana, LLC is the operator of the Dollar General store that is the subject of this lawsuit.

### 4.   JURISDICTION

This matter was removed by the defendant, DG Louisiana, LLC on June 29, 2023, pursuant to 28 U.S.C. §1332, as all parties are diverse and the amount in good faith controversy exceeds $75,000.00, exclusive of interest and costs.

### 5.   PENDING MOTIONS

Plaintiff will need to complete discovery in order to gather information to meet her burden of proof at trial. However, motion for continuance will be filed if Plaintiff's counsel is unable to

obtain an oral deposition of the former manager, Crystal Wren.

**6.    BRIEF SUMMARY OF MATERIAL FACTS**

**a.  Plaintiff:**

On February 7, 2022, Plaintiff, Carla Blank, was a patron at Dollar General, store #14037 located at 3958 Westbank Expressway Harvey, LA 70058, when suddenly, she slipped and fell in the front of the store which was heavily soiled with vegetable oil. There were no warning signs or other signage devices placed in the area to alert customers of the impending danger for risk of harm. Petitioner shows that the oily concrete pavement on which she slipped and fell created an unreasonably dangerous condition about which Dollar General's employees knew or should have known. Dollar General is vicariously liable to Plaintiff for any and all damages she sustained as a result of its employees' tortious conduct pursuant to Louisiana Civil Code Articles 2317 and 2317.1. Plaintiff objects to any and all prior medical records unrelated to the case at bar.

**b.  Defendant:**

This matter arises from an alleged slip and fall on February 7, 2022, at a Dollar General store in Harvey, LA. Plaintiff claims that she slipped and fell in the parking lot "which was heavily soiled with oil." After making a purchase, Plaintiff exited the store with her shopping cart and walked to her vehicle which was parked in the third space to the left of the store's entrance. She unloaded her items into her car and returned her basket to the front of the store. As she walked back to her vehicle, her right foot slipped in an oil spot causing her to fall to the ground and onto her knees. The oil spot was located in the center of the parking space adjacent to Plaintiff's vehicle. Plaintiff admittedly walked past the spot two times prior to falling. The incident was captured by the store's CCTV surveillance system.

Plaintiff has no evidence to support her burden of proof under La. R.S. 9:2800.6. Specifically, Plaintiff cannot prove that the alleged damage-causing condition presented an unreasonable risk of harm due to its open and obvious nature. An oil slick, positioned in the center of a parking space, is a condition that a reasonable person can expect to encounter and avoid in a parking lot. Additionally, Plaintiff has no evidence to establish Dollar General failed to exercise reasonable care.

Further, Plaintiff will be unable to meet her burden of proof for proving medical causation for her alleged injuries.

7. **UNCONTESTED MATERIAL FACTS**

   a. Plaintiff alleges an incident occurred at the Dollar General store in Harvey, Louisiana, on February 7, 2022.

8. **CONTESTED MATERIAL FACTS**

   a. Whether Plaintiff has any evidence that an oil slick in Dollar General's parking lot presented an unreasonable risk of harm.

   b. Whether Defendant had actual or constructive notice of the condition that Plaintiff alleges caused her to fall.

   c. Whether Defendant failed to exercise reasonable care.

   d. Whether Plaintiff failed to exercise reasonable care.

   e. Whether Plaintiff was injured as a result of the accident.

   f. The nature and extent of Plaintiff's alleged injuries.

   g. Whether the subject accident was the medical cause of Plaintiff's alleged injuries.

   h. Whether Plaintiff failed to mitigate her alleged damages.

   i. Whether Plaintiff's alleged injuries pre-existed the subject accident.

j.  The total medical expenses Plaintiff may be able to recover under Louisiana law.

k.  There was only one employee on duty at the time of the incident.

l.  There were no signage devices in the area of the fall.

m.  There were shoe prints trailing from the oily spot going in different directions.

9.  **CONTESTED ISSUES OF LAW**

**Plaintiff:**

a.  Whether Dollar General was responsible for keeping its premises safe and free of dangerous substances such as vegetable oil.

b.  Whether Dollar General knew or should have known that the vegetable oil was there.

c.  Whether Dollar General has a duty to monitor the premises at intervals in order to remove dangerous substances.

d.  Whether Dollar General had actual and constructive notice of the oil before Plaintiff slipped and fell.

e.  Whether the oily spot was open and obvious.

f.  Whether Dollar General was legally responsible for failing to timely remove the oil from the premises before Plaintiff slipped and fell.

g.  Plaintiff objects to Defendant's calling and Dr. Russel Russo's testimony.

10. **EXHIBITS**

**Plaintiff:**

Plaintiff <u>will</u> introduce the following exhibits at trial:

1.  Plaintiff's certified medical records from Van Wormer Healthcare Clinic;

2.  Plaintiff's certified medical records from Diagnostic Imaging Services;

3. Plaintiff's certified medical records from LA Health Solutions

4. CCTV surveillance footage of the incident; and,

5. Deposition transcript of Carla Blank.

6. All discovery propounded in this matter together with their responses;

7. Responses to all subpoena duces tecum served in this matter;

8. Any and all demonstrative evidence introduced by the Defendants.

Plaintiff reserves the right to supplement this list upon further investigation.

**Defendant:**

Defendant may introduce the following exhibits at trial:

1. CCTV Footage from the date of the alleged incident;

2. Dollar General Incident Report;

3. Dollar General Standard Operating Procedures;

4. Certified records and films from Van Wormer Healthcare Clinic;

5. Certified records and films from LA Health Solutions;

6. Certified records and films from Bone and Joint Clinic

7. Certified records and films from Culicchia Neurological Clinic;

8. Certified records and films from Diagnostic Imaging Services;

9. Certified records and films from Ochsner Health System – Main Campus;

10. Certified records and films from Ochsner Health System – Westbank;

11. Certified records and films from Southern Surgical Specialists;

12. Certified records and films from West Jefferson Medical Center;

13. Certified records and films from West Jefferson Medical Center Primary Care;

14. Certified records from Walgreens Pharmacy;

15. Certified records from Tewelde's Lafitte Drugs;

16. Deposition of Carla Blank, with exhibits subject to FRCP 32;

17. Plaintiff responses to Interrogatories and Requests for Production including any attachments thereto;

18. Any deposition taken in this matter, with exhibits subject to FRCP 32;

19. Any document produced in discovery;

20. Any exhibit needed for impeachment purposes;

21. Any document or exhibit listed by any other party; and

22. Any necessary demonstrative aids.

## 11.   DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE

**Plaintiff:**

The 1442 corporate representative's deposition has yet to take place. Alternatively, the manager on duty at the time of the incident has yet to be deposed. She had failed to appear for her deposition when subpoenaed to do so. Plaintiff cannot try the case without obtaining this deposition testimony of Crystal Wren.

**Defendant:**

None anticipated at this time other than for purposes of impeachment.

## 12.   LIST OF DEMONSTRATIVE AIDS TO BE USED IN OPENING STATEMENTS

**Plaintiff:**

None at this time.

**Defendant:**

None at this time.

13. **WITNESSES**

**Plaintiff:**

1. Plaintiff, Carla Blank - Fact/eye witness;

2. Crystal Wren – Former manager/employee of Defendant and fact/eye witness;

3. Keitress Adams – Former employee of Defendant and fact witness;

4. Ryanika Molette - Former employee of Defendant and fact witness;

5. Keyanna Adams - Former employee of Defendant and fact witness;

6. Eric Thornblom – Former employee of Defendant and fact witness;

7. George Van Wormer, DC – Plaintiff's expert medical witness;

8. Ryan Pollard, DC – Plaintiff's expert medical witness;

9. Bernard Landry, MD - Plaintiff's expert medical witness;

10. Louis Schruff, MD – Plaintiff's expert medical witness; and,

11. Morteza Farr, DO – Plaintiff's expert medical witness and orthopedic surgeon.

12. Any expert witness retained by Defendants;

13. Any and all impeachment/rebuttal witnesses;

14. Any witnesses needed to authenticate any document or exhibit sought to be introduced into evidence; and

15. Any witness named by the Defendants.

Plaintiff certifies that the above witnesses were previously identified in Plaintiff's Witness List which was filed into the record in accordance with the Scheduling Order [R. Doc. 11].

**Defendant:**

Defendant may call the following witnesses at trial:

1. Carla Blank, on cross-examination;

2. Representative of DG Louisiana, LLC, will testify regarding the facts and circumstances of the alleged incident and Dollar General policies and procedures;

3. Dr. Russell Russo, MD, 6100 Pontchartrain Blvd, New Orleans, LA 70124; will testify regarding his evaluation of plaintiff, including results of the evaluation, review of pertinent medical and imaging records, diagnosis, and causation;

4. Representative and/or custodian of records of any medical facility where Plaintiff treated, either before or after this accident;

5. Any witness necessary to authenticate records, documents, or other evidence;

6. Any witness listed by any other party; and

7. Any witness necessary for impeachment purposes.

Defendant certifies that the above witnesses were previously identified in Defendant's Witness List which was filed into the record in accordance with the Court's Scheduling Order [R. Doc. 11]. Defendant further certifies that Dr. Russo's expert report has been produced in accordance with the Court's Scheduling Order.

### 14.  **JURY TRIAL**

This matter is set for a <u>jury trial on all issues.</u> In accordance with the Court's Pre-Trial Notice, the parties agree to the following:

Proposed jury instructions, special jury interrogatories, trial memorandum and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court.

### 15.  **DAMAGES/LIABILITY**

The issue of liability <u>will or will not</u> be tried separately from the of quantum.

16. **ADDITIONAL MATTERS**

**Plaintiff:**

Past medical records that are unrelated to the incident at bar will be vigorously objected to. Past resolved injuries of the Plaintiff should not be admitted at the trial of this case.

**Defendant:**

None at this time.

17. **TRIAL DATE, TIME, AND LENGTH OF TRIAL**

Trial shall commence on **Tuesday, May 28, 2024, at 8:30 a.m.** Trial is estimated to last three (3) days.

18. **STATEMENT OF THE PARTIES**

This Pre-Trial Order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19. **SETTLEMENT**

A settlement conference was conducted before Magistrate Judge Janis van Meerveld on April 29, 2024. The possibility of settlement of this case was considered; however, the parties were unable to reach a resolution.

Respectfully submitted:


 */s/ Michael L. Ballero*
TREVOR C. DAVIES (#32846)
SHANNON O. HARRISON (#26163)
MICHAEL L. BALLERO (#36793)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
Email: tdavies@wkdlawfirm.com
Email: mballero@wkdlawfirm.com
Attorneys for DG Louisiana, LLC


*/s/ Pius A. Obioha*
PIUS A. OBIOHA (#25810)
**LAW OFFICES OF PIUS OBIOHA &
ASSOCIATES, LLC**
1550 North Broad Street
New Orleans, Louisiana 70119
Telephone: (504) 265-0437
Facsimile: (504) 265-0440
pius@obiohalaw.com
Attorney for Plaintiff, Carla Blank




New Orleans, Louisiana, this _____day of _____, 2024.



_____
Honorable Brandon S. Long
U.S. District Court Judge